PRAY et al. v. TODD et al.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. CORPORATIONS—OFFICERS—REFUSAL TO · PRODUCE BOOKS—EXCUSE—CONTEMPT.

Where plaintiffs, who were stockholders of a domestic corporation, in an action for an accounting, obtained an order of court for the taking of the deposition of the treasurer, and that he produce the books of the corporation at the examination, for the purpose of refreshing his recollection and aiding his memory in the oral examination, and not for the purpose of inspection by plaintiffs or their counsel, pursuant to Code Civ. Proc. §§ 870–876, authorizing such deposition to be taken before trial, from which order no appeal was taken, a declination of the treasurer to produce the books is contempt of court, notwithstanding his refusal is based on the ground that they would tend to incriminate him.

Appeal from Special Term, New York County.

Action by John A. Pray and another against Louis L. Todd and others. From an order denying a motion to punish defendant Todd for contempt of court, plaintiffs appeal. Reversed.

Argued· before O'BRIEN, HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Charles T. Haviland, for appellants.
Lemuel H. Arnold, for respondent.

. McLAUGHLIN, J. This appeal is from an order denying a motion to punish the defendant Todd for ·contempt of court in refusing to comply with an order of the court directing him to produce before a referee certain books of the defendant C. A. Blanchard Company, a domestic corporation.

The complaint alleges that the plaintiffs are stockholders of the C. A. Blanchard Company, which was organized "to carry on the hotel business" in the city of New York; that the entire capital stock of $300,000 had been subscribed, and, paid for partly in cash and partly in property necessary to the business of the corporation; that its assets consisted of furniture, table linen, silverware, fixtures, and supplies used in the business of keeping a hotel known as the "Hotel Marlborough," and also of money, bills and accounts receivable, and leasehold property; that in April, 1895, the defendants Charles H. Garland, Charles A. Blanchard, and this respondent were elected directors for the ensuing year, and there has been no election of directors since held, but that said directors have held over and continued to the present time; that Garland was, and has continued to be, president of the corporation, and Todd the treasurer; that some time subsequent to the election of 1895, but at what time is unknown to the plaintiffs, the said corporation abandoned its business of con-

ducting the Hotel Marlborough, and thereupon the said Todd illegally and wrongfully appropriated and converted such assets to his own use without the consent of said corporation or its stockholders, and such business has since been conducted by said Todd on his own account; that no proceedings have been taken to dissolve the corporation, and there has been no distribution of its assets among the stockholders or those entitled thereto; that the action is brought by the plaintiffs, in their own behalf and in behalf of all other stockholders similarly situated who may come in and contribute to the expenses of the action. The judgment demanded is for an accounting by the defendants Todd and others, and for a decree of the court that they be adjudged to pay to the plaintiffs, for the benefit of the corporation, or to a receiver to be appointed, the value of the property illegally appropriated and converted, together with the damages sustained by said corporation on account of the wrongful acts of the defendants.

The defendants answered separately. Todd, in the answer interposed by him, denied substantially all of the material allegations of the complaint, except that he was elected a director of the corporation in 1895. After issue had been joined, the plaintiffs procured an order directing that Todd and the president of said corporation be examined before trial, and their depositions taken, pursuant to sections 870–876 of the Code of Civil Procedure, and for that purpose that they appear at a time and place and before a referee named ·in the order, and submit to an examination concerning the matters relevant to the issues raised, and that they produce, upon such examination, the stock ledger, minute book, and all books of account of the said corporation; the production of such books, however, "being only for the purpose of refreshing the recollection of the witnesses and aiding their memories in the oral examination, such books not being produced for the purpose of examination or inspection by the plaintiffs or their counsel." No appeal was taken from this order. At a hearing thereafter had before the referee, in pursuance of the order, Todd appeared and was sworn. He was then asked, among other questions, if he had produced the stock ledger, minute book, or books of account of the C. A. Blanchard Company, or any of such books; and he replied, "I decline to produce them on the ground that they would tend to incriminate myself," and he did not produce any of such books, although directed by the referee to do so. A motion was then made to punish him for contempt of court in refusing to comply with the order. The motion was denied and plaintiffs have appealed.

The order must be reversed. The court had directed him by its order to produce these books. They were not his books, but the books of the corporation. That order was not appealed from. It was in force, and, if he were not satisfied with it, then he should have appealed. He could not acquiesce in it by not appealing, and then openly defy the court by refusing to comply with it. The books were to be produced for the purpose of enabling him to refresh his recollection concerning the subject of the examination. The mere production of the books could not, in and of itself, tend to incrim-

inate him; and whether the answers he might make to questions thereafter put to him would have that effect is a question not now before the court, and which we cannot now determine. All we determine is that he was bound to comply with the order of the court, and in refusing to do so was guilty of contempt, and should have been punished therefor. It is a novel, if not somewhat startling, proposition that an officer of a corporation can refuse to produce its books, when he is asked to account for property which has been committed to his charge, upon the ground that the production of the books may tend to incriminate him. If such rule were to prevail, it is not difficult to see how a person who had once obtained possession of the books of a public or private corporation might evade accounting for property which had come into his possession by doing what this witness did, viz., claiming that the production of such books would incriminate him, even though the production was solely for the purpose of enabling him to refresh his recollection concerning questions asked of him. But there is no such rule. Respondent was guilty of a deliberate contempt of court, and, if the court is to enforce its own orders, he should have been punished accordingly.

The order appealed from is reversed with $10 costs and disbursements, the motion to punish for contempt granted, and the matter remitted to the Special Term to determine the punishment to be inflicted. All concur.

---

UNION NAT. BANK OF LEWISBURG, PA., v. LEARY.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. SUBSEQUENT APPEALS—FORMER DECISION—LAW OF THE CASE.

The unreversed decision of the Appellate Division, that an agreement to forbear enforcing notes was supported by a sufficient consideration, is the law of the case on a subsequent appeal on the same evidence, together with proof that a receiver for the maker of the notes had been appointed prior to the agreement, and that an injunction which restrained all persons within the state from proceeding to collect claims against the maker was then in force, as such injunction could not operate against plaintiff, a national bank doing business in a foreign state.

Ingraham, J., dissenting.

Appeal from Trial Term, New York County.